Arthur E. MORRISSETTE and Clara M.
Morrissette, Appellants,

v.

PERPETUAL BUILDING ASSOCIATION,
Appellee.

No. 2307.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 22, 1958.

Decided April 14, 1959.

Milton M. Burke, Washington, D. C.,
for appellants.

N. Meyer Baker, Washington, D. C.,
with whom Scrivener & Parker, Washington, D. C., and Mercier, Sanders, Baker &
Schnabel, Washington, D. C., were on the
brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellants, desiring to construct a building on certain real estate owned by them,
in December 1954 secured from Perpetual
a building construction loan of $100,000 to
be secured by first deed of trust on the
real estate and its improvements. The
trust executed by appellants contained the
following provisions:

"It is hereby covenanted:

\* \* \* \* \* \*

"(5) That the improvements forming
part of said realty shall be insured to
the satisfaction of the Treasurer [of
Appellee] who shall have the right to
designate the insuror and to apply the
proceeds of such insurance, including any premium rebate, to any deficiency in repayment to the Treasurer
[of Appellee] of any loan, addition-

al amount or advance secured by this Deed of Trust;

"(6) That the premiums or other charges necessary to maintain such insurance in force shall be paid when due;

\* \* \* \* \* \*

"(11) That if there shall be any default in the performance of any of the foregoing covenants the Treasurer [of Appellee] shall have the right and power to do any one or more of the following: (a) do any act or make any disbursement, in his name or the name of the grantor, which he may deem necessary or proper to protect the lien of this Deed of Trust, (b) declare the whole unpaid balance of said loan and said additional amounts due and payable at once, (c) receive the rents and profits of said realty until such default is corrected."

On January 24, 1955 appellants, without any notice to Perpetual, took out a builder's risk policy for their own protection during the construction of the building; the interest of Perpetual was not protected. Not knowing of appellant's insurance, Perpetual on January 26, 1955 secured a builder's risk policy protecting both it and appellants, although the latter were not advised of this insurance. On October 10, 1955 appellants, without notice to Perpetual, converted their builder's risk policy to a 5-year term policy; only appellants were protected by this insurance at the time it was written. On January 3, 1956 Perpetual converted its builder's risk policy to a 3-year term policy; while appellants were not at the time advised of this insurance, the policy protected both them and Perpetual. On January 24, 1956 Perpetual, in writing, advised appellants of the latter policy, cancellation of its builder's risk policy, and requested payment of the premiums on both of the policies secured by it.

Upon receipt of this letter appellant Arthur E. Morrissette on January 25, 1956 orally notified Perpetual that appellants had already secured a term policy; this policy protected only appellants but on January 26, 1956 appellants had a mortgagee clause added to the October 10 policy presumably protecting the rights of Perpetual retroactively to the date of the policy. On February 2, 1956 they wrote Perpetual, enclosing this policy, and requesting that any premiums charged against them be cancelled. This Perpetual declined to do. Appellants then sued for the amount of the premiums charged against their account or in the alternative for a credit in that amount on their first trust note.

After trial by the court it held that under the terms of the deed of trust appellants were obligated to secure insurance on the property and to promptly notify Perpetual of that fact; that having failed to do so the latter had the right to insure the property for its protection; that appellants, when they learned of the insurance placed by Perpetual, were under an obligation to mitigate their loss by cancelling the policy they had secured, but had failed to do so; and that no evidence had been adduced by appellants to show that the premiums paid by Perpetual were either improper or illegal or that the insurance procured by the latter was not worth the premiums charged. It accordingly entered judgment for Perpetual and this appeal followed. We rule the court was correct.

The true rule is enunciated in 59 C.J.S. Mortgages § 328a, p. 447 as follows:

"A covenant to the effect that the mortgagor will keep the buildings on the mortgaged premises insured for the benefit of the mortgagee may be inserted in the mortgage and is valid and binding, if sufficient in form.

\* \* \* Under a provision requiring the mortgagor to insure the mortgaged premises the primary duty to insure is on the mortgagor, and in procuring insurance in accordance therewith the mortgagor is not an agent of the mortgagee.

"Unless such a provision is waived, its breach will give the mortgagee the right to take out insurance for the protection of his security at the expense of the mortgagor · \* \* \*."

Affirmed.